UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                          Criminal No. 17-cr-20092
                                         Hon. Matthew F. Leitman

v.

TERRANCE J. LLOYD-WEBB,

      Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

Plaintiff, the United States of America ("United States"), obtained an Indictment on or about February 15, 2017, which charged Defendant Terrance J. Lloyd-Webb ("Defendant") with Count One, Possession with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. § 841(a)(1), with Count Two, Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), and with Count Three, Possession of a Firearm with an Obliterated Serial Number, in violation of 18 U.S.C. § 922(k). ECF No. 1.

The Indictment contains Forfeiture Allegations which provides that upon conviction, Defendant shall forfeit to the United States any property used or intended to be used to commit or to promote the commission of the charged offenses.

On or about July 13, 2017, Defendant pleaded guilty to Count Two of the Indictment, which charged Defendant with Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1). In his Rule 11 Plea Agreement (ECF

No. 20), Defendant agreed to forfeit the following property to the United States:

    a.    One (1) Ruger Service Six Revolver, CAL:357, Serial No. Obliterated

(hereinafter referred to as the "subject property").

In the Rule 11 Plea Agreement, Defendant acknowledged he understood that forfeiture of the subject property is part of the sentence that may be imposed on him in this case and waived his right to challenge any failure by the Court to advise him of this at the time that his guilty plea is accepted pursuant to Federal Rules of Criminal Procedure 11(b)(1)(J).

NOW THEREFORE, based upon the Indictment, the Rule 11 Plea Agreement, the United States' Application for Preliminary Order of Forfeiture, and other information in the record, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, **IT IS HEREBY ORDERED** that the subject property IS FORFEITED to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the subject property is HEREBY AND FOREVER EXTINGUISHED.

**IT IS FURTHER ORDERED** that upon entry of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish on www.forfeiture.gov, notice of this Preliminary Order of Forfeiture and of its intent to dispose of the subject property. The United States may also, to the extent practicable,

provide direct written notice to any person or entity known to have an alleged interest in any of the subject property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in any of the subject property must file a petition with the Court within sixty (60) days of the first date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified subject property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified subject property, any additional facts supporting the petitioner's claim, and the relief sought.

**IT IS FURTHER ORDERED** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at sentencing and forfeiture of the subject property shall be made part of the Defendant's sentence in this case and included in the Judgment. If no third party files a timely petition

before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the subject property, the Court shall enter an Amended Order of Forfeiture and/or a Final Order of Forfeiture that addresses the disposition of any third party petitions.

**IT IS FURTHER ORDERED** that after this Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters a final order of forfeiture that addresses the disposition of any third party petitions, the United States shall have clear title to the subject property and shall be authorized to dispose of the subject property in such manner as the Attorney General may direct.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 5, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 5, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

4